IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID OCHNER | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-6080 |
| | : | |
| CRAIG STEDMAN, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                              **March 14, 2013**

Plaintiff David Ochner initiated this suit challenging an underlying state court proceeding

arising out of the seizure and impoundment of a tow truck which Ochner claims he owns. All of

the Defendants who have appeared in the case to date move to dismiss the Complaint on various

grounds, including preclusion, improper service, and failure to state a claim.[1] For the following

reasons, the motions will be granted and the Court will dismiss Ochner's Complaint with

prejudice as to all Defendants.

**FACTS[2]**

In 2005, Ochner purchased a 2004 Ford tow truck from David Nicodem for

approximately $21,000 to $24,000. David Nicodem was a partial owner of Defendant Golden

Recovery Services, Inc. (GRS). Ochner took possession of the tow truck and received the

original Certificate of Origin, a document created by the manufacturer of the vehicle and given to

---

[1] The following groups of Defendants each filed a motion to dismiss: (1) Michael Horan; (2) Lancaster City Bureau of Police, Heather Halstead, and Stephen Owens; and (3) Craig Stedman and Brian Chudzik. The remaining two Defendants, John Nicodem and Golden Recovery Services, Inc., have not responded to the Complaint.

[2] The Court adopts the facts alleged in the Complaint, which it must accept as true when ruling upon the instant motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Some of the facts are also derived from the state court record.

either another manufacturer or the original purchaser/consumer. In Pennsylvania, all original vehicle purchasers are required to properly register and title their vehicles prior to use. Ownership is determined by the name listed on the state-issued vehicle title. A vehicle title has never been issued for the tow truck, nor has an application for vehicle title ever been submitted with respect to the tow truck. GRS is the last individual/entity listed on the tow truck's Certificate of Origin, and it appears to have been the owner of the truck at the time Ochner purchased it.

Defendants John Nicodem and Michael Horan also claim to be partial owners of GRS. John Nicodem initially thought David Nicodem, his brother, took the tow truck, apparently without authorization, from GRS. David later disclosed he sold it to Ochner. Ochner alleges from the time he purchased the tow truck until it was seized from him, there was no indication it was stolen.

In or about August 2009, while driving the tow truck, Ochner was stopped by Defendants Detective Heather Halstead and Detective Stephen Owens, employees of Defendant Lancaster City Bureau of Police (Lancaster Police). Halstead and Owens knew Ochner did not possess a valid registration for the tow truck because they were aware Ochner had previously been pulled over by another police officer and did not have a proper title for the vehicle. The officer involved in the earlier stop allowed Ochner to continue operating the tow truck based on his possession of the Certificate of Origin and registration under a valid dealer tag. However, when Ochner was subsequently stopped by Halstead and Owens, they immediately impounded the tow truck. Ochner did not receive a traffic citation and was not charged with any violation of Pennsylvania law.

At some point, Ochner filed a motion for the return of property in state court which was apparently docketed as Case No. CI-09-13334, captioned *David Ochner v. Lancaster County District Attorney and Lancaster City Police*. On October 1, 2009, a hearing was held before the Honorable Jeffery D. Wright of the Lancaster County Court of Common Pleas on Ochner's motion for return of property pursuant to Pennsylvania Rule of Criminal Procedure 588. The Lancaster District Attorney, Defendant Craig Stedman, through Assistant District Attorney, Brian Chudzik, also a Defendant in this case, appeared at the hearing. Chudzik argued the vehicle should not be removed from impoundment because Ochner lacked proof of ownership or a valid vehicle registration. Chudzik also argued the impoundment was proper because Ochner violated the Pennsylvania Motor Vehicle Chop Shop Act, 18 Pa. Cons. Stat. § 7701, *et seq.*, because one of the vehicle identification numbers had been destroyed. When a police officer knows a vehicle has a removed or falsified vehicle identification number he or she must immediately seize and take possession of a vehicle and arrest or file a complaint for the arrest of the suspected owner. 75 Pa. Cons. Stat. § 7105. Neither the District Attorney nor the police filed any criminal charges against Ochner, and no legal proceeding was ever initiated against him.

At the end of the October 1, 2009, hearing, the trial court ruled that, based on the evidence and testimony, it was not satisfied Ochner, or any other individual, had proved entitlement to the possession or ownership of the tow truck by a preponderance of the evidence. Compl. Ex. D, "Reconsideration Hr'g" Tr. 87, Oct. 1, 2009. Thus, the court found the tow truck would not be removed from impound and would only be removed if there was a judicial determination of ownership. *Id.* Ochner appealed the trial court's ruling. On October 5, 2010, the Pennsylvania Superior Court found there was no final appealable order, and quashed

Ochner's appeal. On April 26, 2011, the Pennsylvania Supreme Court denied Ochner's petition for allowance of appeal.

It appears Ochner filed another motion for the return of property. Another hearing in the Court of Common Pleas was held on September 28, 2011, in the same case as the previous motion for return of property had been filed and was again presided over by Judge Wright. John Nicodem and Michael Horan appeared at the hearing, arguing their or GRS's ownership of the truck. After the hearing, Judge Wright allowed the parties to submit briefs on the issue of whether, under Pennsylvania's Uniform Commercial Code, Ochner, a good faith purchaser for value, could acquire title to an item that was stolen.

Also on September 28, 2011, Ochner filed suit in federal court asserting the following counts: (1) malicious prosecution against Stedman, Chudzik, Lancaster Police, Halstead, and Owens; (2) failure to investigate against Stedman, Chudzik, Lancaster Police, Halstead, and Owens; (3) 42 U.S.C. § 1983 claim for violation of Ochner's Fourth and Fourteenth Amendment rights against Stedman, Chudzik, Halstead, and Owens; (4) declaratory judgment indicating Ochner owns the tow truck, pursuant to Pennsylvania Rule of Civil Procedure 1602, against GRS, Horan, and John Nicodem; and (5) civil conspiracy to commit an illegal act against Halstead, Owens, Horan, and John Nicodem. In an opinion issued on December 1, 2011, the state trial court determined, based on Pennsylvania law, Ochner could not acquire title and found title remained with GRS. Horan's Mot. to Dismiss, Ex. B, Op. dated Dec. 1, 2011.

On April 15, 2012, Horan filed one of the instant motions to dismiss, seeking dismissal of Ochner's request for declaratory judgment and civil conspiracy claim. On April 17, 2012, Lancaster Police, Halstead, and Owens filed a motion to dismiss the Complaint. On April 18,

2012, Stedman and Chudzik filed a motion to dismiss for failure to state a claim and failure to properly serve.[3]

## DISCUSSION

As a preliminary matter, all of the moving Defendants assert collateral estoppel and/or the *Rooker-Feldman* doctrine preclude the Court from ruling on Ochner's claims. The only response Ochner offers in opposition to Defendants' preclusion arguments is that the doctrines "are both silly and inapplicable to this case." Pl.'s Answer at 2, ECF No. 32.

Defendants argue Ochner has already participated in a proceeding for the return of his vehicle and during the state proceeding the trial court determined Ochner is not the owner of the tow truck. Therefore, issues concerning the state court's determination of ownership of the tow truck should be precluded from this Court's consideration of Ochner's instant claims.

Collateral estoppel, or issue preclusion, prevents a court from ruling upon the merits of an issue previously litigated. Federal courts look to state law to determine the preclusive effect of a state-court judgment. *See Lance v. Dennis*, 546 U.S. 546, 466 (2006). In Pennsylvania, collateral estoppel "prevents re-litigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one previously litigated." *Allen v. Pa. Soc. for Prevention of Cruelty to Animals*, 488 F. Supp. 2d 450, 466 (M.D. Pa. 2007) (quoting *Bortz v. W.C.A.B. (Reznor Div. of FL Indus.)*, 683 A.2d 259, 261 (Pa. 1996)). There are five requirements for the application of collateral estoppel:

> (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full

---

[3] Ochner filed "Answers" to each of the Defendants' motions to dismiss, but did not file briefs in opposition.

and fair opportunity to litigate the issue in the prior proceeding and (5) the
determination in the prior proceeding was essential to the judgment.

*Catroppa v. Carlton*, 998 A.2d 643, 646 (Pa. Super. Ct. 2010) (quoting *Incollingo v. Maurer,*
575 A.2d 939, 940 (Pa. Super. Ct. 1990)).

The Court finds these elements are satisfied with respect to the issue of ownership of the
tow truck.  The prior issue in both the state court proceedings and the instant case is the
ownership of the tow truck.  The issue of ownership was decided in the state court case.  The
trial court initially denied Ochner's motion for the return of the property finding Ochner had
failed to produce sufficient evidence of ownership.  The Court subsequently ruled in favor of
GRS for acquiring proper title.  Op. dated Dec. 1, 2011.  In the instant case, Ochner seeks a
judgment declaring he is the owner of the tow truck, which would essentially reverse the state
court's ruling.  Second, there was a final judgment on the merits in state court, as it does not
appear the state court's determination was reversed.  *See Rutter v. Rivera*, 74 F. App'x 182, 187
(3d Cir. 2003) ("[U]nder Pennsylvania law, 'a judgment is deemed final for purposes of res
judicata or collateral estoppel unless or until it is reversed on appeal.'" (quoting *Shaffer v. Smith*,
673 A.2d 872, 874 (1996))).

The third element of collateral estoppel is also satisfied as the party against whom the
doctrine is being asserted, Ochner, was also a party to the previous suit.  In addition, Ochner had
a full and fair opportunity to litigate the issue of ownership not once, but twice, and both times
was unsuccessful.  Finally, the determination of ownership in the prior proceeding was essential
to the judgment.

Accordingly, this Court finds the state court's determination that GRS owns the tow truck
precludes this Court from granting Ochner's request for declaratory judgment that he owns the
vehicle, Count IV.

Collateral estoppel applies to preclude this Court from ruling upon Ochner's § 1983 claim of Fourth and Fourteenth Amendment violations under Count III. The Fourth Amendment protects an individual against unreasonable searches and seizures. U.S. CONST. amend. IV. Judge Wright determined the tow truck was lawfully seized and impounded due to a traffic violation and pursuant to the Chop Shop Act. Horan's Mot. to Dismiss, Ex. C, Op. dated Feb. 14, 2012.

As to Ochner's Fourteenth Amendment claim, "[t]o state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki,* 227 F.3d 107, 116 (3d Cir. 2000)). Ochner does not have a legitimate claim of entitlement to the tow truck pursuant to the state court's rulings. While he purchased the vehicle from David Nicodem, unaware of the illegally obtained or sold without authorization, Judge Wright found a good faith purchaser could not acquire good title. Thus, while Ochner may have believed he was entitled to ownership the tow truck, the state court's conclusion precludes this Court from finding he sufficiently alleged entitlement.

Additionally, the process by which Ochner's ownership rights with respect to the vehicle were determined, a motion pursuant to Pennsylvania Criminal Procedure 588, was constitutionally adequate. *See Willard v. Pa. Soc. For the Prevention of Cruelty to Animals*, No. 11-4543, 2012 WL 1392657, at *6 (E.D. Pa. Apr. 23, 2012) ("[C]ourts have consistently held that Pennsylvania Rule of Criminal Procedure 588 provides an adequate post-deprivation

7

remedy.").[4]  Based on the doctrine of collateral estoppel, the Court will dismiss Ochner's request for a declaratory judgment and his constitutional claims pursuant § 1983 against all Defendants.[5] Ochner's malicious prosecution, failure to investigate, and conspiracy claims are not precluded because these claims do not involve issues previously litigated in state court.

Defendants Stedman, Chudzik, Lancaster Police, Halstead, and Owens also move to dismiss Ochner's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 213 (3d Cir. 2009) (internal quotation marks and citation omitted).  The court must first determine the factual and legal elements of the claim and "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11.  The court "must then determine whether the facts alleged in the complaint are sufficient to show that the

---

[4] Ochner argues the Pennsylvania state court improperly created a civil case for him by assigning a civil case number to his criminal motion and emphasizes the state court lacked jurisdiction over his case.  This Court disagrees.  Ochner initiated a state proceeding in order to regain the tow truck.  Whether Ochner's case was designated as civil or criminal is insignificant.  "Pennsylvania has recognized the Rule 588 proceedings as civil in form, but 'quasi-criminal in character.'" *Welsch v. Twp. of Upper Darby*, No. 07-4578, 2008 WL 3919354, at *6 (E.D. Pa. Aug. 26, 2008) (quoting *Commonwealth v. Howard*, 931 A.2d 129, 131 (Pa. Commw. Ct. 2007)).  Judge Wright also recognized this, explaining "[w]hile a motion for return of property is quasi-criminal in nature, it is civil in form. *Commonwealth v. Reynolds*, 876 A.2d 1088, 1093 (Pa. Commw. Ct. 2005).  Therefore, since no criminal charges were filed against Ochner, his motion was properly transferred to a civil docket."  Op. dated Feb. 14, 2012, at 5 n.2.

[5] The *Rooker-Feldman* doctrine does not apply to Ochner's case because the state court judgment determining ownership was not filed until after Ochner filed the instant federal suit.  *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (stating one of the requirements of the *Rooker-Feldman* doctrine is that the state court judgment was rendered before the federal suit was filed).

plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679). In other words, a complaint must do more than allege the plaintiff's entitlement to relief; rather it has to "show" such an entitlement with facts. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556 n.3).

Defendants argue Ochner has not alleged a plausible malicious prosecution claim. A plaintiff asserting a malicious prosecution claim under 42 U.S.C. § 1983 must allege the following: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

This Court finds Ochner failed to allege in his Complaint any criminal proceedings were initiated against him. Thus, he has failed to sufficiently plead all of the elements of a malicious prosecution claim, and the motion to dismiss Count I will be granted.

Defendant Horan moves for the dismissal of Count V of the Complaint conspiracy to commit an illegal act. Ochner alleges Defendants Halstead, Owens, Horan, and John Nicodem engaged in a conspiracy to commit perjury regarding the tow truck's Certificate of Origin and/or the duplicates of the document. Ochner alleges these Defendants knowingly, or with conscious disregard for the clear and indisputable facts available to them at the time of their testimony, perjured themselves, withheld evidence, and/or presented testimony concerning their beliefs that was clearly contrary to the facts they knew or should have known at the time.

The Court will dismiss the conspiracy to commit perjury claim. There is no civil cause of action under Pennsylvania law for conspiracy to commit perjury. *See Ginsburg v. Halpern*, 118 A.2d 201, 202 (Pa. 1955) ("We believe there is no civil action for perjury and apparently the plaintiff recognizes this doctrine of law but seeks to avoid it by claiming conspiracy. The courts have uniformly held that where such assertions have been made . . . they do not constitute a cause of action."); *Morley v. Gory*, 814 A.2d 762, 764 (Pa. Super. Ct. 2002) (finding the trial court did not err in determining a civil cause of action for conspiracy based on perjury could not be sustained). Therefore, the Court will grant Defendant Horan's motion to dismiss Count V.

Finally, this Court will dismiss Count II of the Complaint asserting a claim of "failure to investigate." Ochner has not presented any case law recognizing such a cause of action. He essentially conceded in oral argument that such an action does not exist. This Court agrees and will dismiss this Count.

Based upon collateral estoppel and Ochner's failure to sufficiently plead the remaining claims, the Court will dismiss Ochner's Complaint with prejudice because an amendment would be futile.[6]

An appropriate Order follows.

BY THE COURT:

   /s/ Juan R. Sánchez
Juan R. Sánchez

---

[6] To date, no attorney has entered their appearance on behalf of Defendants John Nicodem or GRS, nor have they responded to Ochner's Complaint. As the Court will dismiss the Complaint based on its merits, however, the claims against John Nicodem and GRS will also be dismissed.

   The Court will not address Defendants Stedman and Chudzik's arguments as to improper service due to their dismissal on the merits.